IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLES MIKELL**                                                                                 **PLAINTIFF**

**v.**                                                                                   **CIVIL ACTION # 2:08cv266-KS-MTP**

**CHASE AUTO FINANCE d/b/a**
**JP MORGAN CHASE BANK, N.A. and**
**AUTOMOBILE RECOVERY BUREAU**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to remand [Doc. #9] filed by Plaintiff Charles Mikell. Mikell argues that this Court lacks diversity jurisdiction because both he and a properly joined Defendant, Automobile Recovery Bureau ("ARB"), reside in Mississippi. Defendant JP Morgan Chase Bank, N.A. ("Chase") opposes the motion, contending that Mikell improperly joined ARB to defeat federal jurisdiction. Defendant ARB joined in Chase's opposition. [Doc. #14] (January 14, 2009). For reasons to follow, the motion to remand should be **granted**.

## I. BACKGROUND

In his state court complaint, Mikell alleges that Chase hired ARB to repossess his automobile. Pl.'s Compl. at ¶ 9 [Doc. #1-2] (December 5, 2008). Mikell concedes that at some time prior to the events giving rise to this case, Chase had obtained a security interest in the automobile. *Id.* at ¶ 4. Mikell alleges that the repossession was wrongful nonetheless because he had paid Chase the entire balance due before the repossession occurred and that Chase

therefore no longer held a valid security interest in the automobile.[1] *Id.* at ¶¶ 6 - 8. Mikell further alleges that ARB is liable to him for damages because ARB never "check[ed] to see actual ownership" before repossessing the automobile. *Id.* at ¶ 10. Mikell has asserted, *inter alia*, claims of conversion and breach of the peace against ARB. *Id.* at ¶ 14.

Mikell filed suit in state court against Chase and ARB on August 22, 2008, in the County Court of the First Judicial District of Hinds County. Pl.'s Compl. Chase filed a notice of removal on December 5, 2008. [Doc. #1]. In the notice of removal, Chase alleged that removal was "predicated upon . . . diversity of citizenship" and that the Plaintiff had fraudulently joined ARB. *Id.*

## II. STANDARD OF REVIEW

The Constitution provides, in Article III, § 2, that "the judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States." The current general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 "between . . . citizens of different States." 28 U.S.C. § 1332(a).

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a) . . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "To remove a case based on diversity, the diverse defendant must

---

[1] Mikell alleges that he "received from . . . Chase, the original Mississippi Certificate of Title to the [automobile] along with Chase's undated letter stating that the Plaintiff's 'loan was paid in full,' and that the letter should be accepted as Chase's 'confirmation of paid in full status.' " Pl.'s Compl. at ¶ 6.

2

demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

"The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been '*properly* joined.'" *Id.* at 573 (emphasis added). The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The Court focuses on the second test because Chase does not dispute that ARB is a Mississippi resident. *Travis*, 326 F.3d at 647.

"[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. This test is to be employed "[a]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir 2002), *quoted in Travis*, 326 F.3d at 648. The Fifth Circuit has rejected the contention that "any mere theoretical possibility of recovery . . . suffices to preclude removal," instead requiring "arguably a reasonable basis for predicting that state law would allow recovery." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000), *quoted in Travis*, 326 F.3d at 648. Defendants bear a heavy burden of proving improper joinder. *Smallwood*, 385 F.3d at 576.

Courts in this circuit resolve issues of alleged improper joinder in one of two ways. First,

3

the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, this analysis will be determinative. *See id.* However, the "court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Concerning this second method, the Fifth Circuit has

> caution[ed] that a summary inquiry is *appropriate only to identify the presence of discrete and undisputed facts* that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. . . . Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (emphasis added).

### III. APPLICATION AND ANALYSIS

Mikell contends that the Court must remand the case based on two procedural defects in the removal. First, Mikell contends that Chase violated 28 U.S.C. § 1441(a) by removing the case to the wrong division. Pl.'s Br. at 4 [Doc. #10] (December 29, 2008). Second, Mikell contends that removal was defective because ARB did not join in or consent to removal. *Id.* at 6.

#### A. Removal to Incorrect Division

Mikell's first argument is completely without merit despite the fact that Mikell filed suit in Hinds County, Mississippi, which lies within the Jackson Division. Over a decade ago, the United States Court of Appeals for the Fifth Circuit considered whether removal to the wrong division warrants remand if subject matter jurisdiction is otherwise present. *See Kreimerman v.*

*Casa Veerkamp*, *S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). The court held that despite the defendant's removal to the wrong division, the proper remedy was transfer by the federal court to the appropriate division. *Id.* In so holding, the court reasoned that removal to the incorrect division is "more akin to an improper venue situation than to one in which there is an actual jurisdictional defect." *Id.* This Court therefore declines to grant Mikell's motion on this basis.

### B. Lack of Consent to Removal by ARB

Mikell's second argument of procedural defect is equally without merit. Over 15 years ago, the Fifth Circuit wrote

> as a general rule, removal requires the consent of all co-defendants. *In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical*, as removal in those cases is based on the contention that no other proper defendant exists.

*Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (emphasis added). Here, Chase has alleged fraudulent joinder of ARB. Consequently, the Court abides the binding precedent which dictates that ARB's consent for removal in this case is not required. As a result, Mikell's motion to remand cannot be granted on this basis.

### C. Improper Joinder

Finally, the Court turns to Chase's allegation of fraudulent joinder. Chase bears the heavy burden of convincing the Court that there is no reasonable basis for the Court to predict that Mikell might be able to recover against ARB under Mississippi law. In its attempt to meet this burden, Chase relies primarily on the argument that Mikell's claim against ARB, which is premised on the allegation that ARB failed to ascertain ownership of the automobile before

5

repossessing it, is invalid under Mississippi law.[2]  Def.'s Br. at 3 [Doc. #13] (January 14, 2009).

Chase does not cite any authority for its blanket statement that Mikell states no "valid claim under Mississippi Law" against ARB.  *See id.*  Instead, Chase bases the majority of its argument (as well as its citation to authority) on the proposition that "Chase had the proper right to obtain plaintiff's vehicle."[3]  *Id.* at 5-6.  This argument is unpersuasive.  If, on the one hand, it is true that Chase had the proper right to obtain Mikell's automobile, then all of Mikell's claims against Chase (in addition to those against ARB) would fail.  "In such a situation, the entire suit must be remanded to state court."  *Smallwood*, 385 F.3d at 571 ("when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant.").  If, on the other hand, the Court operates under the assumption that Chase no longer had a valid security interest in Mikell's automobile at the time of repossession – an assumption which this Court *must* make (*Great Plains Trust Co.*, 313 F.3d at 312) – then the Court sees no basis for dismissing ARB.  Chase cites no authority for the proposition that ARB

---

[2] Due to the nature of the arguments made, the Court opts to resolve the issue of alleged improper joinder by conducting the aforementioned Rule 12(b)(6)-type analysis.  The Court proceeds thusly notwithstanding Mikell's request that the Court "pierce the pleadings."  Pl.'s Br. at 7.  Although the Court notes that the parties have attached exhibits for the Court's review, *e.g.*, [Docs. #9-2 – 9-4] (December 29, 2008), the Court has not reviewed the exhibits for the purpose of resolving the instant motion.  The Court limits itself to the Rule 12(b)(6)-type analysis in light of its finding that Chase does not allege to have offered proof of a discreet and undisputed fact which would preclude Mikell's recovery against ARB.  *Smallwood*, 385 F.3d at 573-74; Def.'s Br. at 5 ("the Court need only examine the claims plaintiff asserts against ARB in his original Complaint.").

[3] Under Mississippi law, a secured party has a right to take possession after default either "(1) Pursuant to judicial process; or (2) Without judicial process, if it proceeds without breach of the peace."  MISS. CODE ANN. § 75-9-609 (2008).

6

would enjoy immunity under Mississippi law for its role in the repossession regardless of whether Chase had the right to repossession. *See* Def.'s Br. Similarly, this Court has found no such authority in the course of its independent research. Moreover, the Supreme Court of Mississippi has upheld a verdict for conversion against both a financial institution and the company it hired to repossess the plaintiff's property. *E.g.*, *PACCAR Fin. Corp. v. Howard*, 615 So. 2d 583 (Miss. 1993). Because Chase has failed to persuade this Court that Mikell lacks a reasonable possibility of success against ARB on the claims alleged, this Court cannot grant the motion to remand.

## IV. CONCLUSION

The removing party in this case has failed to carry its heavy burden of demonstrating that there is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against the in-state Defendant. As a result, the Court cannot find the joinder of the in-state Defendant to be improper and must remand given the lack of diversity among the parties.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiff's motion to remand [Doc. #9] is **granted**. IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Mikell's request for costs and attorney's fees is **denied**.

SO ORDERED AND ADJUDGED on this, the 4th day of February, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE